

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Gordon C. Cass
County Attorney,
Lampasas County
Lampasas, Texas

Dear Sir:

0-1793

Opinion No. 0-1793
Re: Common school district --
W. P. A. project gymnasium --
Authority of Board to pay
to teacher additional com-
pensation as supervisor.

We have your letter of December 8, 1939, submitting
for a legal opinion the following question, to-wit:

"The School Board of the Kempner School
District, No. 4 of Lampasas County has se-
cured a project under the Works Project Ad-
ministration covering the construction of a
gymnasium on the Kempner School grounds. The
school board has hired the principal of
their school to serve as sponsor superintendent
of the project. This is in addition to his
regular duties as principal. For his addi-
tional services the school board has agreed
to pay him $100.00 a month, in addition to
his regular salary, out of the building fund
which is set up in the project.

"Does the school board have the author-
ity to hire the principal of their school
to serve as sponsor supt. of a project and
pay him the sum of $100.00 per month, in
addition to his regular salary?"

It is the opinion of this department that your in-
quiry should be answered in the affirmative.

Our conclusion is based upon general considerations
with respect to implied powers of corporations, and especial-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon.

ly public municipal corporations, and more specifically
upon the authority of Adams v. Miles, 300 S. W. 211, af-
firmed 41 S. W. (2) 21, wherein it is said:

"In article 2827, it is provided, in
effect, that 'state and county available'
school 'funds shall be used exclusively
for the payment of teachers' and super-
intendents' salaries, fees for taking
the scholastic census, and interest on
money borrowed' for those purposes; that
local school funds derived from 'district
taxes' and all other local sources may be
used for the above enumerated purposes,
and 'for purchasing appliances and sup-
plies, for the payment of insurance pre-
miums, janitors and other employees, for
buying school sites, buying, building and
repairing and renting school houses, and
for other purposes necessary in the con-
duct of the public schools to be deter-
mined by the board of trustees, the ac-
counts and vouchers for county districts
to be approved by the county superinten-
dent; provided, that when the state avail-
able school fund in any city or district
is sufficient to maintain the schools
thereof in any year for at least eight
months, and leave a surplus, such sur-
plus may be expended for the purposes
mentioned herein.'

"The effect of those statutory pro-
visions is to authorize the trustees to
expend the school funds derived from lo-
cal sources, and the surplus from the
state and county available school funds,
for any and all the purposes enumerated,
and for such other purposes as in the dis-
cretion of the board of trustees may be
reasonably necessary in the maintenance
and operation of the schools."

In giving this opinion we have taken into con-
sideration your further advice that the duties of the
"Sponsor Superintendent" pertain to bookkeeping, super-
vising purchases, keeping records, hiring labor, and the
like, and that the services are to be performed from

Hon. Gordon G. Cass -- Page 3

seven until nine o'clock in the morning, and from four until six o'clock in the afternoon, as well as on Saturdays and on other school holidays. In other words, the services of the Sponsor Superintendent will in no wise interfere with the services of a licensed engineer, who is to have direct supervision of structural work in compliance with our statutes governing such matters.

Trusting that this will have answered your inquiry satisfactorily, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APP. JAN 27, 1940

APPROVED
OPINION
COMMITTEE